MILLS, Judge.
From his conviction and sentence for sexual battery by using physical force and violence not likely to cause serious personal injury, Section 794.011(5), Florida Statutes (1981), Dupree appeals, contending that the trial court erred in allowing the State to call a rebuttal witness. We affirm.
At Dupree’s trial, after the State had presented its case in chief, the defense called Anita Malick, who was to testify about an incident which occurred between Dupree and the victim approximately one week before the trial. She was allowed to testify over the State’s objection that her name had not been disclosed pursuant to discovery. On cross-examination, the prosecutor inquired into the nature of Malick’s relationship with Dupree. She responded that she had dated Dupree “a time or two.”
On rebuttal, the State attempted to call Officer Lee Jennings. He had been working as a jailer at the Washington County Jail approximately one week before the trial when Malick was brought in on a DWI charge. According to Officer Jennings, while Malick was in jail, Dupree showed up, identified himself as Malick’s fiance, and asked permission to see her.
The defense objected to this testimony because the State had failed to disclose Officer Jennings’ name as a potential witness and because he was present in the courtroom during Malick’s testimony. The trial court overruled the objection and allowed Officer Jennings to testify.
There was no error in allowing this testimony. The State could not reasonably have anticipated the need to call Officer Jennings as a rebuttal witness since Mal-ick’s testimony concerning the nature of her relationship with Dupree was not known until she took the stand. In any event, the record shows that there was no violation of the rule set out in Richardson v. State, 246 So.2d 771 (Fla.1971). The trial court conducted an inquiry into the circumstances surrounding the State’s failure to disclose Officer Jennings’ name before it allowed him to testify.
Neither did the trial court abuse its discretion in allowing Officer Jennings’ testimony even though he was present in the courtroom when Malick testified. The trial court has discretion to decide whether a witness should be excluded from the rule of sequestration. The burden is on the defendant to show an abuse of that discretion and a resultant injury. Spencer v. State, 133 So.2d 729 (Fla.1961). We can discern no reason why the rule should be different in this case, where Officer Jennings was not initially placed under the rule because the need for his testimony was not known until almost the end of the trial.
AFFIRMED.
ERVIN, C.J., and LARRY G. SMITH, J., concur.