PER CURIAM.
Appellant, Major Hines, appeals his convictions for aggravated assault upon a law enforcement officer and resisting arrest with violence on the grounds that the trial court improperly applied the sequestration rule and excluded one of his witnesses. We reverse.
The charged offenses arose from an episode in which Deputy Sheriffs Taylor and Plouffe were called to the home of appellant and his wife, Cora Hines, because of a reported domestic disturbance. Upon arriving at the scene, according to the officers’ account, then.' encounter with appellant rapidly escalated into a hostile confrontation during *359 the course of which appellant threatened and attempted to strike the officers with a metal pipe, and the officers in turn attempted to subdue appellant with pepper spray, at gunpoint, and were required finally to physically tackle and handcuff appellant. Appellant’s version of the events at trial differed from that of the officers. He maintained that he did not resist or threaten the officers, but that instead, he was sprayed and physically attacked by the officers without justification.
On cross-examination of deputy Taylor at trial, defense counsel was attempting to establish that the reported dispute that brought the officers to the scene was only verbal, not physical:
Q. And, in fact, you were advised by [Cora Hines] it was just a verbal dispute, weren’t you?
A. Yes, sir. She stated that it was not physical, that it was verbal, and when I asked why she wasn’t in the residence when we were there-
Q. Just answer my question.
A. Okay.
Q. It was verbal?
A. It was verbal.
On re-direct, the state attorney asked Deputy Taylor what Cora Hines had said when he asked her why she was at another residence when the officers arrived. Defense counsel’s objection on the grounds that the question was irrelevant and beyond the scope of cross-examination was overruled, the court stating that the defense had “opened the door” when, he questioned the deputy about his conversation with Cora Hines. Deputy Taylor then testified that Cora Hines told him that she had “packed up her stuff and left because she was scared of him and she didn’t want him to think she put him in jail.”
After a break in the proceedings, defense counsel advised the court of his intention to call Cora Hines as a witness, explaining that he had not anticipated the need to call her to testify because the testimony of Deputy Taylor was unexpected, but that her testimony would be to deny that she ever made the statement attributed to her by Deputy Taylor about why she left the home.[1] Upon objection by the state based on violation of the witness sequestration rule, and without further inquiry into the circumstances, the court refused to allow her testimony, observing that the court was compelled to sustain the objection.
Appellant correctly argues that the trial court erred when it applied the sequestration rule as a strict rule of law. See Wright v. State, 473 So.2d 1277 (Fla.1985), cert. denied, 474 U.S. 1094, 106 S.Ct. 870, 88 L.Ed.2d 909 (1986). A trial court must first determine whether the testimony of a witness would be substantially different after having heard the. testimony of other witnesses in violation of the rule. See Id. It should also determine whether the violation was intentional or inadvertent and, if intentional, whether it was the witness, party, or attorney who had acted in bad faith. See Id. Once it has determined the circumstances surrounding the violation, the trial court may then exercise its discretion in deciding whether or not exclusion of the witness is necessary. See, e.g., Dupree v. State, 436 So.2d 317 (Fla. 1st DCA 1983).
We are unable to conclude that the error was harmless. We can agree with the state’s argument on appeal that whether or not Cora Hines was afraid of appellant sheds little light on the question of whether appellant assaulted the officers or resisted arrest -with violence. The state observes that her testimony would have been only “peripherally relevant, if at all,” to the issue of whether appellant created a well-founded fear in Deputy Taylor that appellant was about to do violence to him. On the other hand, the statement attributed to her by Deputy Taylor, if unrebutted, could well have prejudiced appellant in the eyes of the jury by depicting him as a potentially violent person. More significantly, in view of the conflicting versions of events as given by appellant and the officers, her testimony would have been relevant to the issue of credibility of the officers’ testimony.
*360 REVERSED and REMANDED for a new trial.
MINER and WEBSTER, JJ., and SMITH, LARRY G., Senior Judge, concur.

. Cora Hines was subpoenaed as a state witness, but was not used by the state; and for some reason, unexplained, she remained in the courtroom during the trial when the other witnesses were placed under the sequestration rule.